**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**Philadelphia Division**

| | |
|---|---|
| Erik A. Wharton, <br> Shari L. Merton, <br><br>                               *Debtors.* | Case No. 23-12910-pmm <br> Chapter 13 |
| Erik A. Wharton, <br> Shari L. Merton, <br><br>                           *Plaintiffs,* <br><br> v. <br><br> Prosper Marketplace Inc., <br><br>                        *Defendant.* | Adversary No. 24-00078-pmm |

**Motion for Default Judgment**

The Plaintiffs, Erik A. Wharton and Sheri L. Merton, through their attorney, move the Court for entry of a default judgment against the Defendant, Propser Marketplace Inc. In support of this motion, the Plaintiffs rely on the following memorandum of law. A declaration in support of this motion by the Plaintiffs' attorney is attached as Exhibit A, and declarations by the Plaintiffs will be filed before the hearing.

**Background**

When the Plaintiffs filed their bankruptcy case, the Court entered, as a matter of law, an automatic stay of all collection activity by the Plaintiffs' creditors. 11 U.S.C. § 362. The Defendant is one such creditor. After receiving notice of the bankruptcy and filing a proof of claim, the Defendant repeatedly contacted the Plaintiffs to collect on a second account, for which it did not file a proof of claim. Worse, the Defendant debited a payment from the Plaintiffs' bank account. As a result of the Defendant's

misconduct, the Plaintiffs have experienced pain and suffering. The Plaintiffs filed a complaint against the Defendant, and the Clerk of Court entered default after the Defendant failed to plead, or otherwise defend against the complaint.

## Argument

### I. The Defendant's violation of the automatic stay warrants punitive damages.

The automatic stay is the heart of the bankruptcy code. The relief it provides is the reason most people file for bankruptcy at all. But the automatic stay, like any other order for injunctive relief, is meaningless unless it is enforced. Besides flouting the Court's authority, violating the automatic stay also undermines Congress, which intends the automatic stay to pack a serious punch of relief. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977). That punch of relief is weakened every time a creditor violates the automatic stay without penalty. Fortunately, the Court may defend the automatic stay by awarding punitive damages under certain circumstances. 11 U.S.C. § 362(k)(1). Punitive damages are appropriate whenever a defendant knows about the automatic stay and violates it anyway, *In re Wagner*, 74 B.R. 898, 904 (Bankr. E.D. Pa. 1987) (Fox, B.J.), especially when the violation is an arrogant defiance of the law, *In re Johnson*, 601 B.R. 365, 382 (Bankr. E.D. Pa. 2019) (Chan, B.J.) (citing *In re Dean*, 490 B.R. 662, 672 (Bankr. M.D. Pa. 2013)). An arrogant defiance warrants punitive damages even if a plaintiff has not been harmed. *Dean*, 490 B.R. at 672 n.4.

Punitive damages must sting. *Wagner*, 74 B.R. at 905. When determining the amount of a punitive award, the Court must consider "the defendant's conduct and

[its] ability to pay" so that the award is "sufficient to impress [a defendant] with [its] obligation to comply with [court orders] and to deter future transgressions." *Id*. That is especially important when the defendant is expected to be involved in future bankruptcy cases as a creditor. S*ee Dean*, 490 B.R. at 674. Punitive damage awards are that are single digit multiples of actual damages are usually constitutional. *Johnson*, 601 B.R. at 383. A defendant's sophistication is relevant. *Dean*, 490 B.R. at 672 (citing *In re Shade,* 261 B.R. 213, 216 (Bankr. C.D. Ill. 2001). Defendants that regularly extend credit to large numbers of consumers are considered sophisticated, and as such, they are "expected to know, understand, and respect the automatic stay." *Shade*, 213 B.R. at 216.

The Defendant in this case is sophisticated; it regularly extends credit to consumers and its net revenue during the first three months of this year was $43,493,000. Exhibit B. Given that, it is hard to characterize the Defendant's misconduct as anything other than arrogant defiance. The Defendant was not just aware of the bankruptcy case, it went as far as to file a proof of claim. By filing a proof of claim, the Defendant asserted its rights under the bankruptcy code. In turn, it trampled the bankruptcy code by ignoring the Plaintiffs' rights and attempting to collect a debt in violation of the automatic stay. Exhibit C.

Unfortunately, these kinds of violations are common because creditors are used to slaps on the wrist and do not establish meaningful internal guardrails to prevent violations of the automatic stay. It is usually cheaper for them to pay damages than it is to prevent violations from happening at all. The Defendant has

been accused of violating the automatic stay and collecting post-petition payments as recently as recently as last year and as far back as sixteen years ago. Exhibit D. Although the Court cannot consider the prior complaints as evidence that the Defendant has committed this kind of misconduct before, it can consider them to be evidence that the Defendant understood it could be liable for this kind of thing. *See* Fed. R. Evid. 404(b)(2). Even with that knowledge, the Defendant failed to demonstrate the kind of care necessary to prevent violations of the automatic stay.

The Defendant's misconduct caused the Plaintiffs pain and suffering, for which the Court should award damages in the amount of $5,000. As a result of the arrogant defiance that caused those damages, the Court should award punitive damages in the amount of $45,000.

**II. Entry of Default Judgment is appropriate and necessary.**

When default is entered against a defendant, the allegations in the complaint are considered admitted. *Cohen v. Kallok*, 365 B.R. 508, 7513 (Bankr. E.D. Pa. 2007) (Frank, B.J.). From that point, the Court's place in considering entry of a default judgment is to "consider whether the [allegations] constitute a legitimate cause of action . . ." *Id*. In doing so, "the Court may consider the possibility of prejudice to the plaintiff; the merits of plaintiff's substantive claim; the sufficiency of the complaint; the sum of money at stake in the action; the possibility of a dispute concerning material facts; whether default was due to excusable neglect; and the strong policy underlying the Federal Rule of Civil Procedure favoring decisions on the merits." *Id*. (lettered list markers omitted).

Failing to enter a default judgment would prejudice the Plaintiffs by depriving them of a timely resolution of this matter. The Plaintiffs established their substantive claims by pleading facts that enable the Court to infer the Defendant's liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Likewise, the complaint itself is sufficient because its four corners put the Defendant on notice of the claims and the grounds for relief. *See Cohen*, 365 B.R at 515; *Iqbal*, 556 U.S. at 698. As explained above, the Defendant makes a lot of money. A default judgment in the amount requested below is well within the Defendant's means and would not violate its due process rights. The questions at issue are primarily questions of law and not fact. There is no evidence in the record to support a finding that the default resulted from excusable neglect, and the Court's ability to decide this matter on the merits is prevented by the Defendant's failure to answer the complaint.

## Conclusion

Failing to award punitive damages would show the Defendant and other creditors that they can file proofs of claim with this Court and then demand payment from debtors directly, with impunity. Because that runs contrary to Congress's intent, the Court must grant relief in the form of order attached, and further in the Plaintiffs' favor if necessary and proper under the law.

Date: July 23, 2024

CIBIK LAW, P.C.
*Attorney for the Plaintiffs*

By:

Mike Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com

6