**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**Philadelphia Division**

| | |
|---|---|
| Erik A. Wharton, Shari L. Merton, *Debtors*. | Case No. 23-12910-pmm Chapter 13 |
| Erik A. Wharton, Shari L. Merton, *Plaintiffs,* v. Prosper Marketplace Inc., *Defendant*. | Adversary No. 24-00078-pmm |

**Plaintiffs' Supplemental Memorandum of Law**
**in Support of Motion for Default Judgment**

The Plaintiffs, Erik A. Wharton, and Sheri L. Merton, through their attorney, submit this brief in support of their motion for entry of a default judgment against the Defendant, Prosper Marketplace Inc.

**Argument**

The Defendant received proper notice of this bankruptcy case, and even filed a proof of claim. Despite acknowledging the Plaintiffs' bankruptcy by filing that claim, the Defendant repeatedly violated the automatic stay through continued attempts to collect a debt, including calls, emails, and letters. These actions caused significant emotional distress to the Plaintiffs, warranting actual damages. The Defendant's sophisticated nature and history of similar violations also highlight its disregard for the Bankruptcy Code, making punitive damages necessary to deter future misconduct. The following sections will address both the justification for actual damages and the necessity of punitive damages in this case.

### I. The Defendant's violation of the automatic stay warrants actual damages.

The actual damages requested are based on the pain and suffering resulting from the frequency and severity of the Defendant's misconduct. Each time the Defendant contacted the Plaintiffs, it heightened their anxiety and exacerbated their emotional distress. The ongoing harassment disrupted their lives, causing stress and frustration as they faced repeated violations of the protections afforded by the bankruptcy's automatic stay, even while at work. This continuous disregard for the law left the Plaintiffs feeling powerless and overwhelmed, intensifying the emotional toll with each new communication. The Defendant's repeated actions directly contributed to the Plaintiffs' emotional suffering, justifying the requested damages.

### II. The Defendant's violation of the automatic stay warrants punitive damages.

The automatic stay is the heart of the bankruptcy code. The relief it provides is the reason most people file for bankruptcy at all. But the automatic stay, like any other order for injunctive relief, is meaningless unless it is enforced. Besides flouting the Court's authority, violating the automatic stay also undermines Congress, which intends the automatic stay to pack a serious punch of relief. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977). That punch of relief is weakened every time a creditor violates the automatic stay without penalty. Fortunately, the Court may defend the automatic stay by awarding punitive damages under certain circumstances. 11 U.S.C. § 362(k)(1). Punitive damages are appropriate whenever a defendant knows about the automatic stay and violates it anyway, *In re Wagner*, 74 B.R. 898, 904 (Bankr. E.D. Pa. 1987) (Fox, B.J.), especially when the violation is an

2

arrogant defiance of the law, *In re Johnson*, 601 B.R. 365, 382 (Bankr. E.D. Pa. 2019) (Chan, B.J.) (citing *In re Dean*, 490 B.R. 662, 672 (Bankr. M.D. Pa. 2013)). An arrogant defiance warrants punitive damages even if a plaintiff has not been harmed. *Dean*, 490 B.R. at 672 n.4.

Punitive damages must sting. *Wagner*, 74 B.R. at 905. When determining the amount of a punitive award, the Court must consider "the defendant's conduct and [its] ability to pay" so that the award is "sufficient to impress [a defendant] with [its] obligation to comply with [court orders] and to deter future transgressions." *Id*. That is especially important when the defendant is expected to be involved in future bankruptcy cases as a creditor. S*ee Dean*, 490 B.R. at 674. Punitive damage awards that are single digit multiples of actual damages are usually constitutional. *Johnson*, 601 B.R. at 383. A defendant's sophistication is relevant. *Dean*, 490 B.R. at 672 (citing *In re Shade*, 261 B.R. 213, 216 (Bankr. C.D. Ill. 2001). Defendants that regularly extend credit to large numbers of consumers are considered sophisticated, and as such, they are "expected to know, understand, and respect the automatic stay." *Shade*, 213 B.R. at 216.

The Defendant is sophisticated; it regularly extends credit to consumers and its net revenue during the first three months of this year was $43,493,000. ECF No. 7-2. Given that, it is hard to characterize the Defendant's misconduct as anything other than arrogant defiance. The Defendant was not just aware of the bankruptcy case, it went as far as to file a proof of claim. By filing a proof of claim, the Defendant asserted its rights under the bankruptcy code. In turn, it trampled the bankruptcy

3

code by ignoring the Plaintiffs' rights and attempting to collect a debt in violation of the automatic stay. ECF No. 7-3.

Unfortunately, these kinds of violations are common because creditors are used to slaps on the wrist and do not establish meaningful internal guardrails to prevent violations of the automatic stay. It is usually cheaper for them to pay damages than it is to prevent violations from happening at all. The Defendant has been accused of violating the automatic stay and collecting post-petition payments as recently as recently as last year and as far back as sixteen years ago. ECF No. 7-4. Although the Court cannot consider the prior complaints as evidence that the Defendant has committed this kind of misconduct before, it can consider them to be evidence that the Defendant understood it could be liable for this kind of thing. *See* Fed. R. Evid. 404(b)(2). Even with that knowledge, the Defendant failed to demonstrate the kind of care necessary to prevent violations of the automatic stay.

## Conclusion

The Defendant's misconduct caused the Plaintiffs pain and suffering, for which the Court should award damages in the amount of $5,000. As a result of the arrogant defiance that caused those damages, the Court should award punitive damages in the amount of $45,000.

Failing to award punitive damages would show the Defendant and other creditors that they can file proofs of claim with this Court and then demand payment from debtors directly, with impunity. Because that runs contrary to Congress's intent, the Court must grant relief in the form of order attached to the motion, and further in the Plaintiffs' favor if necessary and proper under the law.

4

Date: September 11, 2024				CIBIK LAW, P.C.
						*Attorney for the Plaintiffs*

						By: /s/ Michael A. Cibik
						    Michael A. Cibik (#23110)
						    1500 Walnut Street, Suite 900
						    Philadelphia, PA 19102
						    215-735-1060
						    help@cibiklaw.com

## Certificate of Service

I certify that on this date I caused this document to be served by electronic means on all parties on the Clerk's service list through the CM/ECF system.

Date: September 11, 2024				/s/ Michael A. Cibik
						Michael A. Cibik

5