# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT
# OF<u>PENNSYLVANIA</u>

| | | |
|---|---|---|
| **In re: Erik A. Wharton and Shari L. Merton,** : | Chapter 13 |
| : | |
| Debtors. : | Bky. No. 23-12910 (PMM) |
| : | |
| : | |
| **Wharton et al,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| **Prosper Marketplace Inc.,** : | |
| : | |
| Defendant. : | Adv. 24-0078 (PMM) |
| : | |

___

### ORDER GRANTING IN PART AND DENYING IN
### <u>PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

**AND NOW**, upon consideration of the Plaintiff's Motion for Default Judgment (doc. #7, the "Motion"), the evidence and testimony presented at the hearing held on September 11, 2024, and the Plaintiff's Supplemental Brief (doc. #15), it is hereby **ORDERED** that:

1. The Motion is **granted in part and denied in part;***

2. The Motion is granted with respect to a finding that the automatic stay has been violated and Prosper shall refrain from any future action violating the stay;

3. The Motion is otherwise denied and no award of damages will be entered.

Date: 10/29/2024

_____
**PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE**

**\*E N D N O T E**

Plaintiffs Erik A. Wharton and Shari L. Merton (the "Debtors") filed a voluntary chapter 13 petition on September 26, 2023.  On their schedules, the Debtors listed Prosper Funding LLC ("Prosper") as the holder of an $18,169.00 unsecured debt.  Doc. #13, p. 18 in the main case.  Prosper filed an unsecured claim in the Debtors' bankruptcy for $18,354.32.  Claim #27 in the main case.  Prosper later transferred its claim to LVNV Funding LLC in March of 2023.  See doc. #32 in the main case.

On May 23, 2024, the Debtors initiated this Adversary Proceeding against Prosper alleging, *inter alia*, violations of the automatic stay, violations of the Fair Debt Collection Practices Act, defamation, negligence, intentional infliction of emotional distress, and invasion of privacy.  See doc. #1.  According to the Debtors, Prosper routinely sent written demands for payment while the automatic stay was in effect, submitted derogatory information to credit reporting agencies, and deducted $39.00 from the Debtors' bank account without their consent.  Id.  This has apparently led to "emotional distress, anxiety, sleeplessness" and subjected the Debtors to "humiliation and embarrassment."  Id.

Prosper failed to respond to the Complaint and a default was entered June 25, 2024.  Doc. #5.  The Debtors moved for a default judgment on July 23, 2024.  Doc. # 7.  The Debtors' proposed order would have me find Prosper's misconduct was a willful violation of the stay that caused $5000.00 in actual damages and award $25,000.00 in punitive damages.  Doc. #7-5.  The Debtors' motion and nearly identical supplemental briefing on the issue ask for punitive damages in the amount of $45,000.00.  See doc. #'s 7, 15.

\*   \*   \*   \*

The Federal Rules permits a court to enter default against a party that fails to plead of otherwise defend their case. Fed. R. Civ. P. 55. Plaintiffs may then request judgment be entered on a claim for a "sum certain." Id. Plaintiffs with a claim that cannot easily be made certain and reduced to such sum must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). The court may then conduct hearings if it needs to determine the amount of damages or establish the truth of any allegations or evidence. Id. Default judgments do not resolve the dispute on the merits and are disfavored by the Third Circuit. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Notwithstanding a defendant's absence, a court must satisfy itself that a default judgment is merited which requires that plaintiff be able to prove damages. See Farmlind Produce, LLC v. Sickles Mkt., LLC, 2024 WL 3509488, at *4 (D.N.J. July 23, 2024) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Individuals injured by a creditor's willful violation of the automatic stay may recover damages. See 11 U.S.C. §362(h). A creditor willfully violates the stay when it has notice of the stay and their intentional acts result in a violation of the stay; it is not necessary to show a specific intent to violate the stay. See In re Lansdale Fam. Restaurants, Inc., 977 F.2d 826, 829 (3d Cir. 1992).

*    *    *    *

Prosper willfully violated the automatic stay. The Debtors submitted several emails which they received from Prosper after filing their petition. Ex. C. Most of the emails notify the Debtors that their account is overdue and indicate that they can call Prosper to discuss a settlement program. Each email also contains a notice that the message "is an attempt to collect a debt." Id. Because Prosper filed a proof of claim in the main case, the company was clearly on notice of the stay when these emails were sent. Also, the contents of the email are designed to

collect on a claim against the Debtors that arose prior to commencement of the case, a violation of 11 U.S.C. §362(a)(6).

However, the Debtors have not carried their burden of demonstrating actual damages resulted from the violation. The emails themselves are innocuous. They offer to help with structuring a payment plan, resolving the debt for less than the full amount, discounting the rate on an outstanding balance, and, at worst, alerting the Debtors that their debt might be charged off as bad debt. Ex. C. One email also indicates that the notification is being sent "based on your alerts and general settings" and invites the Debtors to visit the website to adjust preferences. It appears that at any time the Debtors could have unsubscribed from Prosper's mailings or simply routed them to their spam folder.

Plaintiffs bringing stay violation claims are often able to point to concrete and calculable harms: a home improperly foreclosed upon, a car wrongfully repossessed, medical costs resulting from the effects of emotional distress, or at least the days or hours of work missed to address the stay violation. Despite being given multiple opportunities, the Debtors testified to no discernible damages. The Debtors submitted an impact statement which at most attests to some concern and worry brought on by these mailings. However, nothing in the Debtors' filings or testimony at the hearing supports a finding of actual damages.

Likewise, as to attorney's fees, the Debtors' counsel has failed to present evidence upon which I can render a money judgment. I will not simply guess at an hourly rate and time spent on this matter. My request for supplemental briefing on damages yielded only a resubmission of generalized arguments in support of punitive damages. Doc. #15. No certification of fees nor testimony related to expenses incurred by the Debtors in bringing this action was offered at trial.

Lastly, regarding punitive damages, even on a motion for default judgment, a court must satisfy itself that it has jurisdiction to enter the judgment. See Farmlind Produce, 2024 WL 3509488, at *4 (citing Mark TV Transp. & Logistics v. Lightning Logistics, Inc., 705 F. App'x 103, 108 (3d Cir. 2017)) (recognizing that to enter a default judgment, a "court must have subject matter jurisdiction over the dispute and personal jurisdiction over the parties"). 11 U.S.C. §362(k) allows the victim of a stay violation, in appropriate circumstances, to recover punitive damages. While I am permitted by statute to enter punitive damages, in light of the Supreme Court's recent decision in SEC v. Jarkesy, I am not convinced that I am constitutionally permitted to unilaterally award punitive damages for a §362 violation. See 144 S. Ct. 2117, 2139 (2024).

Awarding actual damages resulting from a stay violation allows the Bankruptcy Court to remedy any pilfering of estate assets and restore the status quo when one creditor's actions have prejudiced the debtor and other creditors-- tasks necessary to the fair and orderly administration of the bankruptcy estate are well within my bailiwick. Punitive damages, however, are intended to punish egregious and wanton conduct, akin to the civil penalties for fraud at issue in Jarkesy. It is not surprising that the Debtors here bring counts of defamation, negligence, intentional infliction of emotional distress, and invasion of privacy; the behavior that justifies punitive damages in a stay violation proceeding will almost always be coextensive with common law torts. Therefore, in a suit for punitive damages pursuant to 11 U.S.C. §362(k), the Jarkesy decision appears to entitle a defendant to the Seventh Amendment right to a jury trial. Since the evidence in the case before me lacks the hallmark egregious or wanton conduct that is typical of a claim for punitive damages, I need not expound on whether Jarkesy strips this court of the

jurisdiction necessary to make such a finding.  Suffice it to state that no punitive damage award will be entertained by this Court under these facts and circumstances.

*       *       *       *

On the record before me, I find that the Debtors have proven that Prosper was on notice of the bankruptcy stay and took actions in violation of the stay.  The Debtors have shown that Prosper improperly sent emails attempting to collect a debt while the stay was active.  Thus, I will enter default judgment ordering Prosper to refrain from any further debt collection attempts against the Debtors while the stay remains active.  However, I find that the Debtors have not proven damages of any form flowing from this violation and therefore will not enter a monetary damage award.